**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL SIMS,

      Plaintiff,

v.                                      No. CIV-06-0474 JH/ACT

MELISSA VILLANUEVA,
VINCENT HORTON,
K. BRODIE,
WEXFORD MEDICAL SERVICES,
DR. CARDENAS,
LEON GRAY, P.A.,
SUSAN ROBINSON,
NURSES JENNIFER ARCHER,
M. GUTIERREZ,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff will be allowed to amend his complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on

the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names nine defendants and asserts claims of retaliation and denial of medical treatment.  He alleges that Defendants Villanueva and Horton initiated disciplinary proceedings against him in retaliation for his filing of grievances.  Plaintiff's medical claim is based on alleged denial of treatment for bleeding warts and seizures.  The only allegation against any named defendants is that (Nurses) Archer and Gutierrez ignored his requests for treatment when he initially arrived at the Lea County Correctional Facility.  Plaintiff does not identify any defendant who denied him treatment after a physician's assistant allegedly noted that he needed treatment and surgery.  Plaintiff will be allowed to identify Defendants who denied him treatment.  Failure to make specific allegations against specific Defendants may result in dismissal of claims.  *See Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990) (noting specific allegations must support a claim of constitutional violation).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall be required to make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk shall provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the

necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's motion for copies (Doc. 3) is DENIED at this time;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and Doc. 4, for Defendants Villanueva and Horton;

IT IS FURTHER ORDERED that, within fourteen days from entry of this order, Plaintiff may file an Amended Complaint specifically identifying, with specific factual allegations, the Defendants who denied him medical treatment.

_____
UNITED STATES MAGISTRATE JUDGE