## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL SIMS,

      Plaintiff,

v.                                             No. CIV-06-0474 JH/CEG

MELISSA VILLANUEVA,
VINCENT HORTON,
K. BRODIE,

      Defendants.

### MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's motion for copies and service (Doc. 17) and his amended complaint (Doc. 18), both filed September 11, 2006. The Court will grant the motion in part and will dismiss certain of Plaintiff's claims in the original and amended complaints. Plaintiff will be reminded of his obligations under 28 U.S.C. § 1915(b)(2); failure to comply with these requirements may result in dismissal of the complaint.

      In his motion, Plaintiff asks the Court to serve process on the unserved Defendants and provide him with copies of all filings. On review of the amended complaint, the Court will direct service of process on unserved Defendants against whom claims are stated. *See* 28 U.S.C. § 1915(d), (e)(2). The Court will not direct the Clerk to provide copies of all documents to Plaintiff. "Plaintiff's principal error . . . is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not; . . ." *Guinn v. Hoecker*, No. 94-1257, 1994 WL 702684, at **1 (10th Cir. Dec. 15, 1994); *see also Negron v.*

*Adams*, No. 00-1071, 2000 WL 1152554, at \*\*3 (10th Cir. Aug. 15, 2000).  Relief will be ordered accordingly.

The Court reviews the amended complaint under the standards noted in the order of July 6, 2006.  In the July 6 order the Court observed that Plaintiff's original complaint did not identify individuals who denied him treatment after a staff assessment of necessary treatment.  The Court required Plaintiff to identify, with specific allegations, the Defendants who had denied him medical treatment.  The amended complaint names eight defendants, several of whom were named in the original.  Plaintiff's only new or specific allegations are that Defendant (medical administrator) Douglas expressly refused to help Plaintiff get treatment, and Defendant (medical administrator) Robinson failed to carry out a doctor's orders.  The Court will dismiss Plaintiff's claims against the other named Defendants and will direct service of process for Defendants Douglas and Robinson.

IT IS THEREFORE ORDERED that Plaintiff promptly comply with the terms of 28 U.S.C. § 1915(b)(2) by submitting monthly financial information and making payments of twenty per cent (20%) of the preceding month's income credited to his account, or show cause why he has no assets and no means by which to pay the designated filing fee; the Clerk will provide Plaintiff with two copies of the Post-filing Financial Certificate;

IT IS FURTHER ORDERED that Plaintiff's motion for copies and service (Doc. 17) filed September 11, 2006, is DENIED in part and GRANTED in part; specifically, the Court will not direct that copies of filings be provided to Plaintiff; and the Clerk is directed to issue notice and waiver of service forms for Defendants Douglas and Robinson, with copies of the original and amended complaints, Doc. 4, and this Order;

IT IS FURTHER ORDERED that Plaintiff's claims in the original and amended complaints

against named Defendants Otto, Archer, Gutierrez, Gray, Cardenas, Breem, and Wexford Medical Services are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action.

                                                         _____

                                                         UNITED STATES DISTRICT JUDGE