IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SIMS,

      Plaintiff,

v.   CIV 06-474 JH/CEG

MELISSA VILLANUEVA, et al.,

      Defendants.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Susan Robinson's (Robinson) Motion for Summary Judgment and the *Martinez* report.[1]  *See Docs. 40, 41*.  Plaintiff, Michael Sims (Sims), is proceeding pro se and has brought this civil rights action under 42 U.S.C. § 1983.  In Sims's only remaining claim, he asserts that Robinson denied him medical care in violation of the Eighth Amendment.  Because there are no material issues of fact in dispute and Robinson is entitled to summary judgment as a matter of law, I recommend that this mater be dismissed with prejudice.

Background

Sims, an inmate, filed his Amended Civil Rights Complaint on September 11, 2006, asserting a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim.  *See Doc. 18*.  In a Memorandum Opinion and Order dated September 15, 2006, Judge Herrera dismissed Defendants Otto, Archer, Gutierrez, Gray, Cardenas, Breem, and Wexford Medical Services because Sims failed to state a claim upon which relief could be granted.  *See*

---

[1] All citations to the *Martinez* report, which is docketed as Document 40, are to the bates stamped numbers.

*Doc. 20*.  Thereafter, Defendants Villanueava, Horton, and Brodie moved for summary judgment on Sims's retaliation claim.  *See Doc. 23*.  On February 13, 2007, the Court granted their motion for summary judgment and dismissed them as parties to the action.  *See Doc. 35*.  At this point, only the claim for denial of medical treatment against Defendants Douglas and Robinson remained.  On August 15, 2007, the Court dismissed Douglas, without prejudice, because Sims failed to show cause why his claim against Douglas should not be dismissed for lack of service.  *See Doc. 38*.  On August 24, 2007, I ordered the only remaining defendant, Robinson, to file a *Martinez* report.  *See Doc. 39*.  She timely filed her *Martinez* report, as well as a motion for summary judgment on November 11, 2007.  *See Docs. 40, 41*.  Despite granting Sims an extension of time, he failed to file a response to either the *Martinez* report or the motion for summary judgment.  *See Doc. 44*.

      The alleged events which give rise to this lawsuit occurred while Sims was incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico.  Sims was housed at LCCF from August 22, 2005 until January 10, 2006.  *See Doc. 23,* Ex. A.  Robinson, the Health Service Administrator (HSA), did not begin working at LCCF until October 14, 2005.  *See Sims118*.  Robinson's general duties involved "effectively and efficiently managing the overall health care delivery system" and included supervising scheduling of patients for outside appointments, monitoring all health service contract activity, and acting as a liaison between Health Services and institutional administration department heads.  *See Sims115-118*.  In his Amended Civil Rights Complaint, Sims asserts that Robinson failed to: (i) coordinate medical care for him outside the prison facility, (ii) ensure that his prescribed medications were delivered to him, and (iii) request medical records from the Nevada Department of Corrections.  *See Doc. 18*.

During the three month time period Sims was incarcerated at LCCF and Robinson was the HSA, Sims was treated in the medical clinic five times.  *See Sims36, 40-48*.  No physician or other health care provider requested that Sims be seen for medical care outside the prison facility.  *Id.*; *see also Sims73, 118-120*.  While incarcerated at LCCF, Sims was prescribed Depakote, Anusolic Hydrocortisone cream, and Zantac.  *See Sims72-73, 80-85*.  All of these medications were provided to him.  *Id*.  Test results regarding Sims's warts and lesions, which he claims he needed outside medical treatment for, showed "no predominant organisms" and no malignancy.  *Sims47, 68*.  While Sims was incarcerated at LCCF, the medical staff made numerous requests for Sims's medical records from the Nevada Department of Corrections, however, no such records were ever located.  *Sims86-104, 118-120*.

## Summary Judgment Standard

The Court may grant summary judgment, under Rule 56(c) of the Federal Rules of Civil Procedure, if the pleadings, depositions, answers to interrogatories and admissions or affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The opposing party must be given notice and an opportunity to respond, as provided in Rule 56.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Robinson carries the initial burden of establishing that there is no genuine issue of material fact for trial.  She may satisfy the burden by showing an absence of evidence to support Sims's claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once she meets her burden, the burden shifts to the plaintiff to demonstrate a genuine issue for trial on a material matter.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  The party opposing the motion may not rest on pleadings, mere argument, or contention but must set forth specific facts through admissible evidence, showing there is a genuine issue for trial as to

3

those dispositive matters for which he carries the burden of proof. If he cannot make such a showing, summary judgment is appropriate. *See Celotex*, 477 U.S. at 324.

However, the nonmovant's burden to respond arises only where the summary judgment motion is properly "supported." *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

> Accordingly, summary judgment is 'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied, *even if no evidentiary matter is presented*.

*Id.* (emphasis in original) (internal citation omitted). Thus, the Court must decide whether Robinson has met her initial burden of demonstrating that no material issues of fact remain for trial. *Id.* Here, I find that she has, and that Sims has not demonstrated that there is a genuine issue for trial on a material matter. Therefore, summary judgment should be granted.[2]

## Analysis

Sims's allegations are rooted in the Eighth Amendment, applicable to the states by the Fourteenth Amendment. It is well established that the Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners; not doing so would constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But to establish a cruel and unusual punishment claim in violation of the Eighth Amendment, the Plaintiff must allege, and eventually prove, acts or omissions by the Defendant sufficiently harmful to evidence a deliberate indifference to his serious medical needs. *Estelle*, 429 U.S. at 106.

There are two components to an Eighth Amendment claim: objective and subjective. *See*

---

[2] Previously, the Court informed the parties that "the *Martinez* report may be used in a variety of contexts, including motion for summary judgment or sua sponte entry of summary judgment." *Doc. 39* at 2.

*Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006). To satisfy the objective component, the alleged deprivation or delay in medical treatment must be sufficiently serious to constitute a deprivation of constitutional dimension. *Id*. at 1292 (citations omitted). This is to limit claims to those involving significant suffering. *Id*. When, for example, the alleged deprivation is premised on a delay in receiving medical care, the Plaintiff must show that the delay resulted in substantial harm. *Id*.

To prevail on the subjective component of a deliberate indifference claim, the Plaintiff must be able to show that the Defendant knew the Plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to provide medical care or ensure that another provide medical care. *See Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Plaintiff must allege that the Defendant not only knew that a failure or delay in providing medical care subjected Plaintiff to a substantial risk or serious harm, but that the Defendant consciously disregarded this substantial risk of serious harm. *Id*. at 839.

Here, the deliberate indifference standard is not met. First, the objective component is not met because Plaintiff cannot show evidence of a lifelong handicap, permanent loss, or considerable pain. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Test results regarding Sims's warts and lesions, which he claims he needed outside medical treatment for, showed "no predominant organisms" and no malignancy. *Sims47, 68*. As for the medication claim, the record clearly demonstrates that all medications prescribed to Sims, including Depakote, were delivered to him. *See Sims72-73, 80-85*. In addition, Sims has not even alleged a significant harm as a result of being denied his medication. *See Doc. 18*.

Second, the subjective standard is not met. Sims cannot show that Robinson should have known that he needed an outside referral, and ignored that need, because while Sims was at

5

LCCF, no health care provider requested that Sims be seen for medical care outside the prison facility. *Id.*; *see also Sims73, 118-120*. Similarly, Sims cannot show that Robinson failed to provide him with medication because the undisputed facts demonstrate that all prescribed medications were provided to Sims. *See Sims72-73, 80-85*. Further, Sims cannot claim that Robinson knew of and ignored the need to obtain Sims's medical records from the Nevada Department of Corrections. While Sims was incarcerated at LCCF, the medical staff made numerous requests for Sims's medical records from the Nevada Department of Corrections. *See Sims86-104, 118-120*; *see also Jones v. Williams*, 2001 WL 283101 (N.D. Tex. Mar. 19, 2001) (loss of medical records leading to delay in inmate's treatment does not violate the Eighth Amendment).

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1) Robinson's Motion for Summary Judgment (*Doc. 41*) be granted; and

2) this matter be dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE